Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
**BLAKELY LAW GROUP**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

**Attorneys for Plaintiff**
**Deckers Outdoor Corporation**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LIMITED, a Hong Kong SAR China Private Limited Company; SHEIN US SERVICES, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-09850<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>**1. TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT (COUNTS 1-2)**<br><br>**2. TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW (COUNT 3)**<br><br>**3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.* (COUNT 4)**<br><br>**4. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW (COUNT 5)**<br><br>**5. PATENT INFRINGEMENT OF U.S. PAT. NO. D867,731 (COUNT 6)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**Plaintiff Deckers Outdoor Corporation** ("Deckers" or "Plaintiff") for its Complaint against **Defendants Zoetop Business Co., Limited** ("Zoetop"), **Shein US Services, LLC** ("Shein US Services") and DOES 1-10 (collectively "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises out of Defendants' complicit and unlawful acts constituting trade dress infringement and unfair competition in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and violations of statutory and common law of the state of California.

2.      This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3.      This Court has personal jurisdiction over Defendants because Defendants maintain their headquarters and/or reside in and have committed acts of infringement in this district, conduct continuous and systematic business in this district, placed infringing products in the stream of commerce directed to residents of this district, derived commercial benefits from the sale of infringing products and caused injuries to Plaintiff within the Central District of California.

4.      Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because Defendants maintain their headquarters in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, Plaintiff is located and has been injured in this judicial district, and 28 U.S.C. § 1400(b) because Defendants committed acts of infringement in this judicial district.

## THE PARTIES

5.      Plaintiff Deckers Outdoor Corporation is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of

business located in Goleta, California. Deckers designs and markets footwear products under a number of well-known brands, including Teva® products covered by the intellectual property asserted in this Complaint.

6. Upon information and belief, Defendant Zoetop Business Co., Limited is a Private Limited Company organized and existing under the laws of Hong Kong Special Administrative Region, with a registered office and principal place of business located at Room 2609, China Resources Building, 26 Harbour Road, Wanchai, Hong Kong SAR, China.

7. Upon information and belief, Defendant Shein US Services, LLC is a limited liability company organized and existing under the laws of the State of Delaware and registered to do business in the State of California, with a registered office and principal place of business located at 777 S. Almeda Street, 2nd Floor, Los Angeles, California 90021.

8. Deckers is informed and believes that, together with Zoetop and Shein US Services, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Zoetop and Shein US Services) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10, because their true names and capacities are currently unknown to Deckers. Deckers will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Deckers' Teva® Brand

9. Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975. Deckers owns and markets its footwear products under several distinctive trademarked brands, including Teva®, Koolaburra®, UGG®, HOKA®, and Sanuk®.

10.    Deckers' Teva® brand is well-known and recognized as the original outdoor sport sandal in the United States. Since 1984, when the Teva® brand was founded, the popularity of Teva® footwear has steadily grown in the U.S. and around the world. Teva® footwear has been and remains highly coveted today by consumers as one of the most popular and recognizable symbols of the freedom to roam and explore the outdoors in comfort.

11.    Since 1984, Teva® sandals have become the ultimate archetype for comfortable outdoor sandals. Since then, the popularity of Teva® footwear has grown exponentially, with celebrities such as Solange, Elle Fanning, and Kendall Jenner among a myriad of others regularly seen wearing Teva® footwear, including the Teva® Hurricane Drift sandal and Teva® Original Universal sandal for Women and Kids in the 90's Multi Colorway.

12.    The world-wide recognition as a "premium" brand and the overwhelming popularity of the Teva® brand is due to Deckers' continuous commitment to quality, sustainability, and excellence. Today, Deckers' footwear products under the Teva® brand are widely available and sold to consumers in every state, including California, through authorized retailers on the internet and in brick-and-mortar stores, as well as directly from Deckers on the internet at www.teva.com.

**B.    Defendants' Infringing Activities**

13.    This lawsuit arises from Defendants' design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale in the U.S. of certain footwear products that infringe upon Deckers' "Original Universal 90's Multi Colorway Trade Dress", "Hurricane Drift Trade Dress" and U.S. Pat. No. D867,731 ("'731 Patent") (the "Accused Products").

14.    Upon information and belief, Zoetop and Shein US Services collectively own and operate a "fast fashion" e-commerce enterprise that sells footwear, apparel, accessories, handbags, jewelry, and other products under Defendants' various proprietary brand names including "SHEIN" through Defendants' highly interactive

websites, including us.shein.com. which is accessible to consumers throughout the United States, including those within this judicial district. Upon information and belief, Defendants imported into the U.S., advertised, marketed, offered for sale, and/or sold Accused Products in the Central District of California.

15.     Upon information and belief, Zoetop and Shein US Services are competitors of Deckers, and Defendants introduced the Accused Products into the stream of commerce in an effort to exploit Deckers' goodwill and the reputation of the Teva® Original Universal sandal for Women and Kids  in the 90's Multi Colorway, Teva® Hurricane Drift sandal, and '731 Patent.

16.     Deckers has not granted Defendants a license to practice nor given Defendants any form of permission to use Deckers' trademarks, trade dresses, or patents, including Deckers' Original 90's Multi Colorway Trade Dress, Hurricane Drift Trade Dress, and '731 Patent.

### 1.     Defendants' Infringement of the Teva® Hurricane Drift Trade Dress and U.S. Pat. No. D867,731

17.     Upon information and belief, Defendants imported into the U.S., advertised, marketed, offered for sale, and/or sold at least the Accused Products identified as "Shein" "Women Metal & Rhinestone Decor Sports Sandals Hook-and-loop Fastener Fashion Sandals" SKU: s sx2210252296567737 through Zoetop and Shein US Service's e-commerce website (us.shein.com) to consumers nationwide, including consumers located within this judicial district. Exemplars of the Defendants' "Women Metal & Rhinestone Decor Sports Sandals Hook-and-loop Fastener Fashion Sandals" SKU: s sx2210252296567737 compared to the '731 Patent and the Teva® Hurricane Drift sandal, the embodiment of the Hurricane Drift Trade Dress are below:

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

  

**Teva® Hurricane Drift sandal**          **Accused Product**          **'731 Patent**

### 2.    Defendants' Infringement of the Teva® Original 90's Multi Colorway Trade Dress

18.    Upon information and belief, Defendants imported into the U.S., advertised, marketed, offered for sale, and/or sold at least the Accused Products identified as "Shein" "Tie-Dye Wash Ankle Strap Sandals" SKU: swshoes15210323905 through Zoetop and Shein US Service's e-commerce website (us.shein.com) to consumers nationwide, including consumers located within this judicial district. Exemplars of the Defendants' "Tie-Dye Wash Ankle Strap Sandals" SKU: swshoes15210323905 compared to the Teva® Original Universal sandal for Women and Kids in the 90's Multi Colorway, the embodiment of the Original 90's Multi Colorway Trade Dress are below:

                    

**Teva® Original Universal sandal for Women and Kids in the 90's Multi Colorway**                    **Accused Product**

19.    Upon information and belief, Defendants may have sold additional

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

products that infringe upon Deckers' design patents and trade dresses. Deckers will seek leave to amend as additional information becomes available through discovery.

20.    Upon information and belief, Defendants have acted in bad faith and Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Accused Products with Deckers, and/or the origin, sponsorship, or approval of the Accused Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Infringement of the Hurricane Drift Trade Dress– 15 U.S.C. § 1125(a))

21.    Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

22.    In 2019, Deckers introduced the Teva® Hurricane Drift, marketed and featuring the design elements protected under the "Hurricane Drift Trade Dress." The Hurricane Drift Trade Dress is unique and inherently distinctive, and comprised of the following non-functional elements:

    a.    An open-toe sandal;

    b.    A sole having a tread pattern;

    c.    Multiple straps including a toe strap, an instep strap, a heel strap and a tether strap between the toe strap and instep strap, the tether strap being asymmetric and extending only on the lateral side of the sandal;

    d.    Multiple solid triangles connecting the instep strap to the heel strap, and a single solid triangle connecting the toe strap to the tether strap; and

    e.    The straps, triangles and sole being singularly molded together.

23.    The Hurricane Drift Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and unique in the footwear industry; examples of its distinctive appearance as a whole are shown in the photographs below:

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

  

24. The design of the Hurricane Drift Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the shoe. There are numerous other shoe designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Hurricane Drift Trade Dress. The combination of features comprising the Hurricane Drift Trade Dress provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render Teva® Hurricane Drift sandal, the embodiment of the Hurricane Drift Trade Dress, as a distinct product originating solely from Deckers.

25. The Teva® Hurricane Drift sandal, the embodiment of the Hurricane Drift Trade Dress, is one of the most well-recognized and commercially successful styles of Teva® brand of footwear products, having been featured in many of Deckers' advertising and promotional materials as well as in various trade publications. The Teva® Hurricane Drift sandal has received a large volume of unsolicited media attention, for example, through various celebrities seen wearing Teva® Hurricane Drift sandal and graced the pages of many popular magazines nationwide and internationally.

26. Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the Teva® brand and its line of footwear embodying the Hurricane Drift Trade Dress. Deckers spends millions of dollars annually on advertising of Teva® products, including footwear embodying the Hurricane Drift Trade Dress.

27. Due to its extensive sales, and significant advertising and promotional activities, Deckers' Hurricane Drift Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

Indeed, Deckers has sold millions of dollars' worth of Teva® Hurricane Drift sandals, the embodiment of the Hurricane Drift Trade Dress.  Accordingly, the Hurricane Drift Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the exclusive source of footwear featuring said trade dress.

28.    Upon information and belief, Defendants are competitors of Deckers and Defendants introduced Accused Products into the stream of commerce in an effort to exploit Deckers' goodwill and the reputation of the Teva® Hurricane Drift.

29.    The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Hurricane Drift Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of the Accused Products.

30.    Defendants' use of the Hurricane Drift Trade Dress is without Deckers' permission or authorization, and in total disregard of Deckers' rights to control its intellectual property.  There are numerous shoe designs in the footwear industry, none of which necessitate copying or imitating the Hurricane Drift Trade Dress.

31.    Defendants' use of the Hurricane Drift Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Deckers.

32.    As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  Deckers is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts.

33.    Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendants' infringement, which is ongoing.  Accordingly, Deckers is

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  entitled to injunctive relief prohibiting Defendants from continuing to infringe the
2  Hurricane Drift Trade Dress, or any designs confusingly similar thereto.

3  **SECOND CLAIM FOR RELIEF**

4  **(Infringement of the Original Universal 90's Multi Colorway Trade Dress – 15**
5  **U.S.C. § 1125(a))**

6  34.  Deckers incorporates by reference each and every one of the preceding
7  paragraphs as though fully set forth herein.

8  35.  In February 2020, Deckers introduced the Teva® Original Universal
9  sandal for Women and Kids in the 90's Multi Colorway, marketed and featuring the
10  design elements protected under the "Original Universal 90's Multi Colorway Trade
11  Dress." The Original Universal 90's Multi Colorway Trade Dress is unique and
12  inherently distinctive, and comprised of the following non-functional elements:

13  a.  An open-toe sandal;

14  b.  A sole having a tread pattern;

15  c.  Multiple straps including a toe strap, an instep strap, a heel strap
16  and a tether strap between the toe strap and instep strap, the tether strap being
17  asymmetric and extending only on the lateral side of the sandal;

18  d.  At least one triangle connecting the instep strap to the heel strap,
19  and a triangle connecting the toe strap to the tether strap;

20  e.  Each of the multiple straps having a solid color;

21  f.  The multiple straps forming a color block, the color block being at
22  least three colors; and

23  g.  The colors being selected from the options of: blue, pink, orange,
24  yellow and green.

25  36.  The Original Universal 90's Multi Colorway Trade Dress, which is a
26  composite of the above-referenced features, is non-functional in its entirety, visually
27  distinctive, and unique in the footwear industry; examples of its distinctive appearance
28  as a whole are shown in the photographs below:



37.    The design of the Original Universal 90's Multi Colorway Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the shoe. There are numerous other shoe designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Original Universal 90's Multi Colorway Trade Dress. The combination of features comprising the Original Universal 90's Multi Colorway Trade Dress provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the Teva® Original Universal sandal in the 90's Multi Colorway, the embodiment of the Original Universal 90's Multi Colorway Trade Dress, as a distinct product originating solely from Deckers.

38.    The Teva® Original Universal sandal in the 90's Multi Colorway, the embodiment of the Original Universal 90's Multi Colorway Trade Dress, is one of the most well-recognized and commercially successful styles of the Teva® brand of footwear products, having been featured in many of Deckers' advertising and promotional materials as well as in various trade publications. Teva® Original Universal sandal in the 90's Multi Colorway, the embodiment of the Original Universal 90's Multi Colorway Trade Dress has received a large volume of unsolicited media attention, for example, through the pages of many popular magazines nationwide and internationally.

39.    Deckers has spent substantial time, effort, and money in designing,

developing, advertising, promoting, and marketing the Teva® brand and its line of footwear embodying the Original Universal 90's Multi Colorway Trade Dress. Deckers spends millions of dollars annually on advertising of Teva® products, including footwear embodying the Original Universal 90's Multi Colorway Trade Dress.

40.    Due to its extensive sales, and significant advertising and promotional activities, Deckers' Original Universal 90's Multi Colorway Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.  Indeed, Deckers has sold millions of dollars' worth of Teva® Original Universal sandals in the 90's Multi Colorway, the embodiment of the Original Universal 90's Multi Colorway Trade Dress. Accordingly, the Original Universal 90's Multi Colorway Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the exclusive source of footwear featuring said trade dress.

41.    Upon information and belief, Defendants are competitors of Deckers and Defendants introduced Accused Products into the stream of commerce in an effort to exploit Deckers' goodwill and the reputation of the Teva® Original Universal sandal in the 90's Multi Colorway, the embodiment of the Original Universal 90's Multi Colorway Trade Dress.

42.    The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Original Universal  90's Multi Colorway Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of the Accused Products.

43.    Defendants' use of the Original Universal 90's Multi Colorway Trade Dress is without Deckers' permission or authorization, and in total disregard of Deckers' rights to control its intellectual property.  There are numerous other shoe designs in the footwear industry, none of which necessitate copying or imitating the

Original Universal 90's Multi Colorway Trade Dress.

44.    Defendants' use of the Original Universal 90's Multi Colorway Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Deckers.

45.    As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Deckers is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts.

46.    Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendants' infringement, which is ongoing. Accordingly, Deckers is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Original Universal 90's Multi Colorway Trade Dress, or any designs confusingly similar thereto.

## **THIRD CLAIM FOR RELIEF**

### **(Trade Dress Infringement – California Common Law)**

47.    Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

48.    Defendants' infringement of the Hurricane Drift Trade Dress and Original Universal 90's Multi Colorway Trade Dress also constitutes trade dress infringement under common law of the state of California.

49.    The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Hurricane Drift Trade Dress and Original Universal 90's Multi Colorway Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of the Accused Products.

50.    Defendants' unauthorized use of the Hurricane Drift Trade Dress and Original Universal 90's Multi Colorway Trade Dress has caused and is likely to cause confusion as to the source of Accused Products among consumers.

51.    As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  Deckers is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendants' infringement, and all gains, profits and advantages obtained by Defendants as a result of its unlawful acts.

52.    Defendants' unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of Deckers' rights.  As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

53.    Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the damages caused by Defendants' infringement, which is ongoing.  Accordingly, Deckers is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Hurricane Drift Trade Dress and/or Original Universal 90's Multi Colorway Trade Dress, or any designs confusingly similar thereto.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et. seq.*)

54.    Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

55.    Defendants' misappropriation and unauthorized use of the Hurricane Drift Trade Dress and Original Universal 90's Multi Colorway Trade Dress to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act,

Cal. Bus. & Prof. Code, § 17200 *et. seq.*

56.    Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the Hurricane Drift Trade Dress and with the intent to misappropriate Deckers' goodwill and reputation established in the Teva® Hurricane Drift sandal.

57.    Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the Original Universal 90's Multi Colorway Trade Dress and with the intent to misappropriate Deckers' goodwill and reputation established in the Teva® Original Universal sandal for Women and Kids in the 90's Multi Colorway.

58.    As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  Deckers is entitled to all available relief provided for under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*, including an accounting and disgorgement of all illicit profits that Defendants made on account of its deceptive, unfair, and fraudulent business practices.  Furthermore, because Deckers has no adequate remedy at law for Defendants' ongoing unlawful conduct, Deckers is entitled to injunctive relief prohibiting Defendants from unfair competition.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition – California Common Law)

59.    Deckers incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

60.    Defendants' misappropriation and unauthorized use of the Hurricane Drift Trade Dress and Original Universal 90's Multi Colorway Trade Dress to promote the Accused Products also constitutes unfair competition in violation of common law of the state of California.

61.    Deckers has expended substantial time, resources and effort in creating and developing Teva® footwear, including:

1        a.    the Teva® Hurricane Drift sandal, the embodiment of the

2  Hurricane Drift Trade Dress, which consumers recognize as originating from

3  Deckers; and

4        b.    The Teva® Original Universal sandal for Women and Kids in the

5  90's Multi Colorway, the embodiment of the Original Universal 90's Multi

6  Colorway Trade Dress, which consumers recognize as originating from

7  Deckers.

8      62.    Upon information and belief, Defendants introduced Accused Products

9  into the stream of commerce in order to exploit Deckers' goodwill and the reputation

10  established in the Teva® Hurricane Drift sandal and the Teva® Original Universal

11  sandal for Women and Kids in the 90's Multi Colorway for Defendants' own

12  pecuniary gain.

13      63.    Defendants' unauthorized use of the Hurricane Drift Trade Dress and

14  Original Universal 90's Multi Colorway Trade Dress resulted in Defendants unfairly

15  benefitting from Deckers' goodwill and the reputation established in the Hurricane

16  Drift Trade Dress and Original Universal 90's Multi Colorway Trade Dress.

17      64.    Upon information and belief, Defendants' unlawful acts are willful,

18  deliberate, and intended to cause confusion among the public and taken in reckless

19  disregard of Deckers' rights.  As such, an award of exemplary and punitive damages is

20  necessary in an amount sufficient to deter similar misconduct in the future.

21      65.    As a direct and proximate result of the foregoing acts, Deckers has

22  suffered and will continue to suffer significant injuries in an amount to be determined

23  at trial.  Deckers is entitled to recover all damages, including attorneys' fees, that

24  Deckers has sustained on account of Defendants' unfair competition, and all gains,

25  profits and advantages obtained by Defendants as a result of its unlawful acts.

26  Furthermore, because Deckers has no adequate remedy at law for Defendants'

27  ongoing unlawful conduct, Deckers is entitled to injunctive relief prohibiting

28  Defendants from unfair competition.

1

## SIXTH CLAIM FOR RELIEF

2

### (Patent Infringement – U.S. Pat. No. D867,731)

3      66.    Deckers incorporates by reference each and every one of the preceding

4   paragraphs as though fully set forth herein.

5      67.    In order to protect its valuable brands, Deckers owns a number of patents

6   covering various styles of footwear it markets, including the Teva® Hurricane Drift

7   described herein.  These patents include U.S. Pat. No. D867,731 ("the '731 Patent")

8   issued on November 26, 2019, a true and correct copy of which is attached hereto as

9   **Exhibit A** and incorporated herein.

10     68.    Deckers is the owner by assignment of all rights, title and interest in and

11   to the '731 Patent issued in November 2019 and Deckers has marked substantially all

12   footwear products embodying the design of the '731 Patent with "Patent Pending"

13   and/or "Patent # D867,731" and/or via virtual patent marking on a product label in

14   compliance with 35 U.S.C. § 287, putting Defendants on notice of the '731 Patent.

15     69.    Defendants have produced, imported into the U.S., distributed,

16   advertised, marketed, offered for sale, and/or sold within the United States the

17   Accused Products which bear a design substantially similar to the ornamental design

18   of the '731 Patent, in violation of 35 U.S.C. § 271.

19     70.    Deckers has not granted a license or given Defendants any form of

20   permission to the '731 Patent and Defendants' infringement of the '731 Patent is

21   without Deckers' permission or authority and in total disregard of Deckers'

22   intellectual property rights.

23     71.    As a direct and proximate result of the foregoing acts, Deckers has

24   suffered and will continue to suffer significant injuries in an amount to be determined

25   at trial.  Deckers is entitled to recover all damages sustained on account of

26   Defendants' infringement, and all gains, profits and advantages obtained by

27   Defendants under 35 U.S.C. §§ 284 and 289.

28     72.    Upon information and belief, Defendants' infringing acts were willful,

17

deliberate, and taken in reckless disregard of the '731 Patent despite having been put on notice through Deckers' patent marking. Defendants took these actions knowing the objectively high likelihood that such actions constituted infringement of the '731 Patent. As Defendants' willful acts render this an exceptional case, Deckers is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

73.    Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendants' infringement of the '731 Patent, which is ongoing. Accordingly, Deckers is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendants from continuing to infringe the '731 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendants Zoetop Business Co., Limited, Shein US Services, LLC, and DOES 1-10 as follows:

1.    A judgment that Defendants infringed Deckers' Original 90's Multi Colorway Trade Dress, Hurricane Drift Trade Dress, and U.S. Pat. No. D867,731;

2.    An order permanently enjoining and restraining Defendants, their agents, servants, employees, officers, associates, and all persons acting in concert with any of them from infringing Deckers' intellectual property at issue, including but not limited to infringing acts such as:

      a.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as Deckers' Hurricane Drift Trade Dress;

      b.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as Deckers' Original 90's Multi Colorway Trade Dress;

c.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that infringe the '731 Patent;

d.    engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

e.    committing any other act which falsely represents or which has the effect of falsely representing goods and services of Defendants are licensed, authorized, offered, produced, sponsored, or in any other way associated with Deckers;

3.    An order requiring Defendants to recall from any distributors and retailers and to deliver to Deckers for destruction any Accused Products, including the means of making such products;

4.    An order requiring Defendants to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth the manner in which Defendants complied with the injunction;

5.    An order for an accounting of all gains, profits and advantages derived by Defendants on account of the unlawful acts complained of herein pursuant to 15 U.S.C. § 1117(a), Cal. Bus. & Prof. Code, § 17200 *et. seq*., and any other applicable federal statute or California state and common law;

6.    An award of damages equal to Defendants' profits and all damages sustained by Deckers as a result of Defendants' wrongful acts;

7.    An award of damages equal to treble Defendants' profits or Deckers' damages, whichever is greater, on account of Defendants' willful infringement;

8.    An award of punitive damages and Deckers' costs, attorneys' fees, and interest as allowed under all applicable federal statutes and California state laws; and

9.    All other relief that the Court may deem just and proper.

1

2    Dated:        November 20, 2023    **BLAKELY LAW GROUP**

3

4                                        By:    _/s/_ Jamie Fountain

5                                               Brent H. Blakely
                                                Jamie Fountain
6                                               **Attorneys for Plaintiff**
                                                **Deckers Outdoor Corporation**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this Civil Action.

Dated:      November 20, 2023      **BLAKELY LAW GROUP**

By:   /s/ Jamie Fountain
                                                                        _____
                                                                        Brent H. Blakely
                                                                        Jamie Fountain
                                                                        **Attorneys for Plaintiff**
                                                                        **Deckers Outdoor Corporation**

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**